JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAELIA WINDER | TRICOUNTY MEDICAL EQUIPMENT and QMES, LLC |
| (b) County of Residence of First Listed Plaintiff   DELAWARE<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   CHESTER<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**<br>☐ 540 Mandamus & Other | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 2000e et seq (Title VII)
Brief description of cause:
Hostile Work Environment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  09/18/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHAELIA WINDER | : | CIVIL ACTION |
| v. | : | |
| TRICOUNTY MEDICAL EQUIPMENT and QMES, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 09/18/18 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __33 Windermere Avenue, Lansdowne, PA 19050__

Address of Defendant: __122 Mill Road, Suite A130, Phoenixville, PA 19462__

Place of Accident, Incident or Transaction: __122 Mill Road, Suite A130, Phoenixville, PA 19462__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/18/2018__ _____ __60643__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   (Please specify): _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc A. Weinberg, Esquire__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __09/18/2018__ _____ __60643__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __33 Windermere Avenue, Lansdowne, PA  19050__

Address of Defendant: __122 Mill Road, Suite A130, Phoenixville, PA  19462__

Place of Accident, Incident or Transaction: __122 Mill Road, Suite A130, Phoenixville, PA  19462__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/18/2018__  __[signature]__  __60643__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc A. Weinberg, Esquire__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __09/18/2018__  __[signature]__  __60643__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAELIA WINDER<br>33 Windermere Avenue<br>Lansdowne, PA 19050<br>      Plaintiff,<br>v.<br><br>TRICOUNTY MEDICAL EQUIPMENT<br>122 Mill Road, Suite A130<br>Phoenixville, PA 19462<br>    and<br>QMES, LLC<br>122 Mill Road, Suite A130<br>Phoenixville, PA 19462<br>      Defendant, | **CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br>**COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. Plaintiff, MICHAELIA WINDER (hereinafter "Plaintiff") brings this action under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.* ("PaHRA"); under Pennsylvania and Federal Common Law, for Hostile Work Environment, and for retaliation in exercising her rights under the aforementioned statutes. Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

## III. THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, TRICOUNTY MEDICAL EQUIPMENT and QMES, LLC (hereinafter "Defendant") is a business, corporation or

partnership that maintains a principal place of business at the above-captioned address and licensed and authorized to do business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendant acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant's business and acting within the scope of their agency, servitude and/or employment on behalf of Defendant.

5. At all times material hereto, the conduct of Defendant as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania.

## II. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendants were "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9. At all times material hereto, Defendants employed more than fifty (50) employees.

10. At all times material hereto, Defendants were an "employer" as defined by Title VII.

11. At all times material hereto, Defendant was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*.

12. At all times material hereto, Defendants aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination under Title VII, violation of and violation of Pennsylvania Statutory Law under the PaHRA .

14. Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on June 25, 2018 and was received by the Plaintiff at a time thereafter, (Attached hereto as Exhibit "A").

### III.   FACTUAL ASSERTION

15. Plaintiff was hired and was employed by the Defendant as a Customer Service Representative from approximately March 27, 2017 until February 9, 2018.

16. Plaintiff is female.

17. Plaintiff brings her claims for discrimination based on Race, Sex, Retaliation and Pregnancy Discrimination.

18. At the time of hiring she was five (5) months pregnant.

19. Ms Winder gave birth after her employment commenced and she required time off from work to care for her infant child.

20. Plaintiff took eight (8) weeks unpaid leave for this reason.

21. Plaintiff also required other unpaid leave to care for her children if and when they were sick as she is a single parent.

22.     The Employers failed to properly accommodate the Plaintiff in her need to "pump" as she was breastfeeding her infant child.

23.     Plaintiff was denied regular access to a room for such "pumping," when access was provided she was subject to harassment, and she was limited in time when she could "pump," which in some cases caused her to become "backed up" or "leak."

24.     Ms. Winder suffered such discrimination in the workplace by her supervisors and employers.

25.     When she complained of such harassment or need for accommodation, this in turn resulted in retaliation that ultimately caused her to be terminated.

26.     Additionally, Ms. Winder was terminated for taking leave that she needed for her pregnancy and to care for her children; wherein, leave was provided to other non African American employees for similar reasons. As a result, the Plaintiff suffered loss of income, benefits, seniority and was cause undue hardship and anguish.

27.     Plaintiff was supervised by Amanda Dero.

28.     The Defendants afforded other employees the opportunity to breast feed.

29.     These employees were non African American.

30.     Plaintiff is African American.

31.     This treatment by the Defendants was reported, but no action was taken by the Defendants.

32.     Because of the severe and pervasive Sexual Harassment and Pregnancy Discrimination and hostile work environment, the Plaintiff was forced to resign her position.

33. Because her employer refused and failed to take the appropriate and proper steps to investigate and resolve the Sexual Harassment and Pregnancy Discrimination and hostile work environment, the Plaintiff was terminated.

34. At all times material hereto the Defendant acted and was responsible for the actions of their agents, assigns, servants and employees.

35. At all times material hereto the Defendant acted by and through the actions of their agents, assigns, servants and employees.

36. At all times material hereto the Defendant was responsible for the actions of their agents, assigns, servants and employees via *respondeat superior*.

### COUNT I
### MICHAELIA WINDER V. TRICOUNTY MEDICAL EQUIPMENT and QMES, LLC
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. 2000e *et seq*. and Retaliation

37. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

38. The conduct of Defendant's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964 as the harassment, hostile work environment, retaliation and discrimination that Plaintiff was subjected to was unwelcome, unwarranted, and a clear violation of Title VII.

39. Plaintiff was subject to different and negative treatment including retaliation and termination because she refused said Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination.

40. At all times material hereto, the aforementioned harassment was unwelcome.

41. At all times material hereto, the aforementioned harassment was severe and pervasive.

42. As a result of the Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination, the Plaintiff was subjected to a hostile work environment.

43. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

44. Plaintiff was subject to different and negative treatment including retaliation and termination because she reported said Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination, and as such was subject to retaliation.

45. At the time of resignation the Defendant by and through its employees, servants and agents was aware of the Sexual Harassment and Pregnancy Discrimination that the Plaintiff was subjected.

WHEREFORE, Plaintiff, MICHAELIA WINDER seeks a determination that the Defendant violated Title VII of the Civil Rights Act of 1964 and request all damages and relief permitted under the Act including but not limited to:

(a) back pay and front pay;
(b) compensatory and punitive damages;
(c) equitable relief such as reinstatement of a rightful place;
(d) retroactive relief such as seniority and entitlement;
(e) injunctive relief included but not limited to barring future discriminatory conduct;
(f) attorney's fees, expert fees, costs and expenses;
(g) and such further relief as this court deems just and fair.

### COUNT II
### MICHAELIA WINDER V. TRICOUNTY MEDICAL EQUIPMENT and QMES, LLC
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

46. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

47. Defendant discriminated against Plaintiff because she refused the Sexual Harassment and Pregnancy Discrimination and reported said Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination and pregnancy discrimination which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*

48. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation as set forth above.

49. At all times material hereto, the aforementioned harassment was unwelcome.

50. At all times material hereto, the aforementioned harassment was severe and pervasive.

51. At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

52. Plaintiff's resignation was causally related to her Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination and retaliation for reporting said harassment.

53. Defendants knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

54. Defendants failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

55. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

56. Defendants' reasons for disciplining and/or terminating Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

57. During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism.

58. The conduct of Defendants' treatment of Plaintiff in his employment, termination and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination and retaliation.

59. At the time of termination the Defendant by and through its employees, servants and agents was aware of the Sexual Harassment and Pregnancy Discrimination that the Plaintiff was subjected to at the workplace and after work hours by her supervisor.

WHEREFORE, Plaintiff, DANIELLE DUCKETT, seeks a determination that Defendant violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

**Respectfully submitted,**

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

**Dated: September 17, 2018**

# EXHIBIT "A"

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michaelia Winder<br>33 Windermere Ave<br>Lansdowne, PA 19050 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04184 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Janie R. Williamson,     6/25/18
District Director     (Date Mailed)

Enclosures(s)

cc:   **QMES LLC**
Darline Pepler, HR Manager (For Respondent)
122 Mill Rd , Suite A130
Phoenixville, PA 19460

**Marc Weinberg (for Charging Party)**
SAFREN & WEINBERG
815 Greenwood Ave, Ste 22
Jenkintown, PA 19046